W. H. SARGENT ET UX.

v.

S. H. KING.

OCTOBER TERM, 1894.

*Construction of contract to convey land. Application of payments.*

Plaintiffs contracted to sell defendant a farm for twelve hundred dollars; and by the same writing leased it to him for one hundred dollars a year, with the agreement that when he had paid five hundred dollars and interest they would convey and take a mortgage for the balance. It was further agreed that the defendant might cut wood and timber provided the proceeds were applied on the purchase price. *Held*, that the proceeds of such wood and timber could not be applied to the payment of the annual rent as it fell due.

Covenant broken. Plea, the general issue. Trial by court at the May term, 1894, Windsor County, THOMPSON, J., presiding. Upon the facts found by the court judgment was rendered for the plaintiffs to recover the sum of one hundred seventeen dollars thirty-two cents and their costs. The defendant excepts.

February 2, 1892, the plaintiffs and defendant, by writing under seal, entered into an agreement whereby the plaintiffs contracted to sell their farm to the defendant for the sum of twelve hundred dollars, and to lease it to him, giving him posession forthwith, for the sum of one hundred dollars per year; and the defendant upon his part agreed to pay the

said rent of one hundred dollars per year and the taxes upon said farm.   It was provided that whenever the defendant had paid five hundred dollars and interest on the entire sum the plaintiffs should convey the premises, taking back a mortgage for the balance due upon the purchase money.

It was also provided that the defendant might cut wood and lumber upon the premises provided that the avails were to be applied upon the purchase price.

The defendant entered into the posession of the premises immediately after the execution of the indenture and continued to occupy the same.   He did not pay any part of the rent for the year 1892, unless the avails of the wood and lumber hereafter mentioned should be applied thereon.   In the winter of 1892-3 he cut certain wood and timber upon the premises, and on February 23, 1893, he paid to the plaintiffs the sum of ninety-six dollars and twenty-one cents, being the avails from such wood and lumber, and received from them a receipt specifying that the amount was applied on the purchase money of the farm.

The court found that the rent for the first year and interest up to the date of the trial amounted to one hundred nine dollars and eighty cents, and that the plaintiffs had also been obliged to pay certain taxes upon the premises, which, with interest, amounted to seven dollars and fifty-two cents.

The defendant claimed that the avails of the wood and lumber should be applied in payment of these amounts, but the court held otherwise, and gave judgment accordingly.

*N. L. Boyden* and *J. D. Denison* for the defendant.

*J. J. Wilson* for the plaintiffs.

TYLER, J.   By the contract the plaintiffs agreed to sell and convey the farm to the defendant for twelve hundred dollars.   By the same writing they leased it to him for an annual rent of one hundred dollars with permission to enter

upon and occupy it so long as he performed his part of the conditions.     It further provided that when he had paid five hundred dollars in annual rent, with annual interest from the date of the contract, the rent so paid should be applied on the contract price, and the plaintiffs should then convey the farm to him, he giving them his note secured by mortgage for the remaining seven hundred dollars.   The defendant might also cut wood and timber on the farm, provided he applied the avails thereof in payment of the twelve hundred dollars. To this end the plaintiffs were to have a lien on all wood and timber so cut.    The defendant also gave a lien to the plaintiffs on all his annual crops as security for the payment of the rent.    He agreed to use and improve the premises in a husband-like manner, keep the buildings in repair and keep them insured for the plaintiffs' benefit, pay the taxes, and in default, to surrender the premises and all his rights to the same to the plaintiffs.    These were stipulations contained in the contract.

The defendant's counsel contend that the avails of wood and timber stood precisely like the five hundred dollars paid as rent; that both were to be reckoned as payments towards the contract price of the farm, and therefore that the ninety-six dollars and twenty-one cents received from the sale of wood and lumber and paid over to the plaintiffs, and the thirty-seven dollars and fifty cents worth of wood which the plaintiffs took and applied to their own use, more than paid the rent and taxes that were due when the suit was bought. This contention cannot be maintained for the reason that the annual rent was not to be treated as a payment on the twelve hundred dollars until it amounted to five hundred dollars. If the defendant had paid his rent for any number of years less than five and then ceased payment, he could not have claimed that the amount then paid should be applied on the twelve hundred dollars.   It was not until rent had been paid for five years and to the amount of five hundred dollars,

and annual interest had been paid on the five hundred dollars, that it was to be applied on the contract price.

It was in this view that the court below held that the ninety-six dollars and twenty-one cents could not be applied in payment of the overdue rent. It could not have held otherwise when it was found that it was understood by the parties that it should be applied on the contract price of the farm, and that the defendant took a receipt from the plaintiffs specifying that it was to be so applied. Therefore this sum and the thirty-seven dollars and fifty cents will be applicable on the seven hundred dollars at the termination of the five years' lease, provided the defendant has performed his part of the contract.

*Judgment affirmed.*